Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Marty Palmer

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MARTY PALMER, | CASE NO.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. Violation of Fourteenth Amendment 42 U.S.C §1983(Deliberate Indifference, *Monell*)** |
| | **2. Negligence (Vicarious Liability)** |
| ALAMEDA COUNTY, JOSEPH ROBERT BAILEY and DOES 1-25; | **3. (Declaratory and Injunctive Relief)** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, demanding a jury trial, brings this civil rights action against Defendants ALAMEDA COUNTY, Deputy Sheriff Joseph Robert Bailey and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and therefore allege as follows:

## I. PARTIES

1. Plaintiff Marty Palmer, is an individual who is currently resides in Oakland Ca. At all times relevant to this complaint, this Plaintiff has lived in Oakland, which is located within the Northern District of California.

2. Defendant Alameda County is a legal entity established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. Alameda County is a municipality located within the Northern District of California.

3. Defendant Joseph Robert Bailey ("Bailey"), is an individual who was employed as a Alameda County Sheriff's deputy at the time of the incident in question. This Defendant is being sued in his individual capacity.

4. Defendant Sheriff Deputy Does 1-25 are defendants whose capacities are unknown to Plaintiffs, but upon ascertaining these individuals identities, the Plaintiffs will seek leave to amend to name these people as defendants in this case. These Defendants are being sued in their individual capacities.

5. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Alameda County, which is located in the Northern District.

### III. STATEMENT OF FACTS

8. Prior to August 28, 2017 but after August 7, 2017, the Plaintiff was incarcerated at the Santa Rita Jail, which is owned and operated by Alameda County.

9. Prior to this incarceration, Plaintiff, who is suffering from renal failure was receiving dialysis treatments three days a week from September 14, 2015 to August 7, 2017 and these dialysis treatments continued while the Plaintiff was incarcerated in the Santa Rita Jail, also three days a week.

10. During this time of incarceration, the Plaintiff was ordered by Defendant Bailey and Sheriff Deputies Does 1-25 (Hereinafter referred to as "Defendants") to be housed on a top bunk (upper bed) and not a lower bunk.

11. Out of fear that he could fall from a top bunk and injure himself as result of being weakened by his dialysis treatments, Plaintiff gave the Defendants notice of his medical condition, as well had them check his medical file and made repeated requests as well as filed numerous inmate grievances to the Defendants to be assigned a lower bunk.

12. The Plaintiff's repeated requests for a lower bunk were denied by the Defendants and no other reasonable steps were ever taken by the Defendants, once they had notice that Plaintiff had a medical condition that required a lower bunk.

13. On approximately August 15, 2019, an inmate offered to give his lower bunk to the Plaintiff in exchange for the Plaintiff's upper bunk, due to his fear for the Plaintiff's safety. The Plaintiff accepted the inmate's offer.

14. Approximately two days later, Defendant Bailey observed that the Plaintiff was using a lower bunk, became angry and immediately moved the Plaintiff to another jail pod and assigned him to an upper bunk.

15. On August 28, 2017, while sitting on his newly assigned top bunk, after being weakened from a dialysis treatment session, the Plaintiff fell from his top bunk and landed on his face, neck and shoulder areas, suffering severe injuries, including but not limited to multiple facial fractures.

16. Plaintiff filed a timely government claim on February 20, 2018 against Alameda County pursuant to California Government Code §910, et seq. Plaintiff's claim was subsequently rejected by Alameda County on January 3, 2019.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process – As to All Defendants)**

17. Plaintiff Marty Palmer incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

18. That the Defendants had notice of the Plaintiff's medical condition and that his medical condition required him to have a lower bunk.

19. That despite having notice of the Plaintiff's medical condition, the Defendants rejected the Plaintiff's repeated requests to place him in a lower bunk due to his medical condition.

20. That the Defendants were required to take reasonable steps to provide a lower bunk for the Plaintiff, once they were placed on notice that Plaintiff had a medical condition, which required a lower bunk.

21. That the Defendants failed to place the Plaintiff in a lower bunk or to take any other reasonable action in response to Plaintiff's notice of his medical need for a lower bunk.

22. That as result of the Defendants' conduct, the Plaintiff fell from a top bunk onto his face and neck and shoulder areas, and suffered severe injuries including but not limited to a tripod facial fracture, and other injuries to his shoulder and neck.

23. That Defendants exhibited deliberate indifference to Plaintiff's constitutional rights in that the Defendants had notice of the Plaintiff's medical need for a lower bunk, and despite this notice placed the Plaintiff in an upper bunk, knowing of the risks of danger those conditions posed, and failed to take any corrective action to remedy those conditions.

24. The acts of Defendants constitute a violation of the Fourteenth Amendment to the Constitution of the United States.

25. Plaintiff suffered extreme physical damages as a result of the Defendants' acts.

26. The foregoing violation of Marty Palmer's constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the Alameda County Sheriff's Department.

27. Plaintiff is informed and believes that Alameda County sanctioned and ratified its sheriff's deputies' actions to engage in the deliberate indifference to Plaintiff's constitutional rights, by failing to train and supervise its deputies properly to ensure that inmates who have medical conditions requiring them to be placed in lower bunks to avoid them falling and becoming injured under the color of the law, are placed in lower bunks; and acted with deliberate indifference in failing to properly train its deputies or to adopt policies necessary to prevent such constitutional violations.

28. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

## SECOND CLAIM

**(Negligence Claim – As to all Defendants and Does 1-25)**

29. Plaintiff Marty Palmer incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

30. Defendants owed Plaintiff a duty of due care not to cause the Plaintiff to be placed in dangerous conditions, and that this duty was breached by the Defendants' when they failed to take any steps to provide the Plaintiff a lower bunk, which was required due to his medical condition.

31. That as a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

32. Defendants are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

33. Defendants as public employees are not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

**(Vicarious Liability – As to Alameda County)**

34. Because the Defendants were acting as employees of Alameda County at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of Alameda County, Alameda County is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

**(Declaratory and Injunctive Relief)**

35. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

36. There is a real and significant possibility that Defendants will repeat their misconduct (or that they have committed similar acts in the past). To prevent the Plaintiff and other pre-trial detainees from being deprived of their Fourteenth Amendment rights, Plaintiff requests that this Court declare that Defendants' acts were unlawful as a matter of law.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For punitive damages against all individual Defendants according to proof;
3. The prejudgment interest at the legal rate according to proof;
4. For costs and reasonable attorneys' fees as provided by law; and
5. For such other relief as the Court may deem fit and proper.

LAW OFFICE OF STANLEY GOFF

Dated: June 24, 2019            /s/ STANLEY GOFF
                                Attorney for Plaintiff