UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY PALMER,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>    Defendants. | Case No. 19-cv-03673-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

## I.    INTRODUCTION

In this civil rights case brought under 42 U.S.C. § 1983, Plaintiff Marty Palmer alleges the County of Alameda and its employees were deliberately indifferent to his medical condition while incarcerated at Santa Rita Jail. The County and its Sheriff, Gregory Ahern (the "Moving Defendants"), move for dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 16. Palmer filed an Opposition (ECF No. 19) and Moving Defendants filed a Reply (ECF No. 20). The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 7, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Moving Defendants' motion for the following reasons.

## II.    BACKGROUND

Between August 7 and August 28, 2017, Palmer was incarcerated at the Santa Rita Jail, which is owned and operated by Defendant County of Alameda. First Am. Compl. ¶ 9, ECF No. 9. Palmer suffers from renal failure and was receiving dialysis treatments three days a week from September 14, 2015, including his time at Santa Rita. *Id.* ¶ 10. While Palmer was incarcerated, Defendant Joseph Robert Bailey, who was employed as an Alameda County Sheriff's deputy, and

other Doe Defendant Sheriff's deputies ordered Palmer to be housed on a top bunk bed. *Id.* ¶ 11. Out of fear that he could fall and injure himself as result of weakness from his dialysis treatments, Palmer notified the Sheriff's deputies of his medical condition, had them check his medical file and filed numerous inmate grievances to be assigned to a lower bunk. *Id.* ¶ 12. The deputies denied Palmer's repeated requests. *Id.* ¶ 13.

On approximately August 15, 2019, Palmer accepted another inmate's offer to give his lower bunk to him. *Id.* ¶ 14. Two days later, Bailey and other Sheriff's deputies observed Palmer using a lower bunk, became angry and immediately moved him to another jail pod and assigned him to another upper bunk. *Id.* ¶ 15. On August 28, 2017, while sitting on his newly assigned top bunk, Palmer fell and landed on his face, neck and shoulder areas, suffering severe injuries. *Id.* ¶ 16.

On February 20, 2018, Palmer filed a government claim against Alameda County pursuant to California Government Code section 910, et seq. *Id.* ¶ 17. The County rejected his claim on January 3, 2019. *Id.* Palmer filed this lawsuit on June 24, 2019 and filed his amended complaint on August 18, 2019 against Moving Defendants, Bailey, and Does 1-25. He pursues: (1) a claim for violation of his Fourteenth Amendment rights against all Defendants under 42 U.S.C. § 1983; (2) a negligence claim against all Defendants; and (3) a negligent hiring, supervision, and retention claim against Sheriff Ahern. *Id.* ¶¶ 18-41. Palmer seeks compensatory and punitive damages and declaratory and injunctive relief. *Id.* at 7.

Moving Defendants filed the present motion on September 27, 2019, arguing Palmer fails to state a plausible *Monell* claim against the County, the federal and state law claims against Sheriff Ahern are not plausibly pleaded, the County is statutorily immune from any state law claim, and the declaratory relief claim is not supported by the facts alleged. Mot. at 2.

### III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean

probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Fourteenth Amendment Claim

In his 42 U.S.C. § 1983 claim, Palmer alleges "Defendants" exhibited deliberate indifference to his constitutional rights in that they had notice of his medical condition and requests for a lower bunk, yet they placed him in an upper bunk and failed to take any corrective action to remedy those conditions. First Am. Compl. ¶ 24. As a result, he suffered "extreme physical damages." *Id.* ¶ 26. Palmer alleges Defendants' actions constitute a violation of his Fourteenth Amendment rights. *Id.* ¶ 25.

Moving Defendants argue Palmer fails to state a claim against them because he does not establish *Monell* liability against the County and fails to plausibly establish that Sheriff Ahern's own action or inaction caused Palmer's harm, or that he acquiesced in any Constitutional deprivation or was reckless or callous to Palmer's rights. Mot. at 4-7. Palmer responds that he "does not state a *Monell* claim . . . against the County." Opp'n at 6. Accordingly, the Court **GRANTS** Moving Defendants' motion to dismiss Palmer's § 1983 claim as to Alameda County **WITHOUT LEAVE TO AMEND**.

As to Sheriff Ahern, Palmer does not address Moving Defendants' argument and dismissal is appropriate on this ground. However, addressing the merits, a plaintiff may state a claim under § 1983 against a supervisor. Under *Monell v. Department of Social Services of the City of New York*, § 1983 liability exists where an "official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). More specifically, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To state a *Monell* claim, a plaintiff must establish that: (1) "they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (quotations omitted).; *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (outlining these factors).

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of*

4

*Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). Additionally, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

Here, Palmer's claim for violation of substantive due process rights under § 1983 is based on the allegation that "Defendants" had notice of his medical condition and exhibited deliberate indifference to his constitutional rights. First Am. Compl. ¶¶ 20-24. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The Ninth Circuit has stated that "to establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Id.* "Just as the deliberate indifference of prison officials to the medical needs of prisoners may support Eighth Amendment liability, such indifference may also rise to the conscience-shocking level required for a substantive due process violation." *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

In California, a sheriff is required by statute to "take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it." Cal. Gov. Code § 26605; *Redman,* 942 F.2d at 1446. In *Redman*, the Ninth Circuit held that a county sheriff in California could be found to have been deliberately indifferent where the sheriff "knew or reasonably should have known of the overcrowding at a facility under his administration and . . . he acquiesced in a deficient policy that was a moving force" behind the prisoner's alleged constitutional violation. 942 F.2d at 1447-48. Similarly, in *Starr*, the Ninth Circuit held that a sheriff's "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates." *Starr*, 652 F.3d at 1208. Thus, Palmer can state a claim against Sheriff Ahern under § 1983 if he sufficiently alleges "knowledge of the unconstitutional conditions in the jail" and "inaction" that "amounted to acquiescence in the unconstitutional conduct." *Id.*

5

However, nowhere does he allege Ahern had any personal involvement or a sufficient causal connection between the constitutional violation and any conduct by him, instead bringing his allegations generally against "Defendants." Palmer also fails to address whether he intends to bring his § 1983 claim against Sheriff Ahern in his opposition. Since it is not clear whether he intends to bring such a claim against him, the Court **GRANTS** Moving Defendants' motion to dismiss Palmer's § 1983 claim as to Sheriff Ahern **WITH LEAVE TO AMEND**.

B. **Negligence Claim**

In his negligence claim, Palmer alleges "Defendants" owed a duty of due care not to cause him to be placed in dangerous conditions and that they breached this duty when they failed to take any steps to provide him a lower bunk. First Am. Compl. ¶ 29. Moving Defendants argue Palmer's negligence claim must fail as to Alameda County because a public entity is not liable for an injury arising from an act or omission of the public entity or a public employee except as provided by statute. Mot. at 8. Palmer responds that he "does not state a . . . negligence claim against the County." Opp'n at 6. Accordingly, the Court **GRANTS** Moving Defendants' motion as to Alameda County **WITHOUT LEAVE TO AMEND**.

As to Sheriff Ahern, Palmer does not allege any facts specific to him as to the general negligence claim, alleging only generally that "Defendants" in general owed him a duty of care not to place him in dangerous conditions. Palmer also fails to address this claim in his opposition, focusing instead on his negligent hiring, supervision and retention claim against Sheriff Ahern. Opp'n at 3-5. Accordingly, because it is not clear whether Palmer intends to bring a negligence claim against Sheriff Ahern, the Court **GRANTS** Moving Defendants' motion but **WITH LEAVE TO AMEND**.

C. **Negligent Hiring, Supervision and Retention Claim**

In his third claim, Palmer alleges Sheriff Ahern is liable for the negligent hiring, supervision and retention of Bailey. First Am. Compl. ¶ 33. He alleges Bailey was unfit to perform the work of the deputy position for which he was hired "because of his proclivity to engage in the abuse of inmates, such as the abuse suffered by the Plaintiff, which created a risk of abuse to inmates," and that Sheriff Ahern knew or should have known that Bailey was unfit for

6

1  this position. *Id.* ¶¶ 36-37. Palmer alleges Bailey's unfitness for the position harmed him because he was subjected to abuse, and Sheriff Ahern's negligence in hiring, supervising and retaining Bailey was a substantial factor in causing his harm. *Id.* ¶¶ 38-39.

Moving Defendants argue Palmer's claim must be dismissed because he alleges only "bare conclusory assertions" that fail to meet the *Iqbal/Twombly* pleading standards. Mot. at 8. The Court agrees. "An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit. *Roman Catholic Bishop v. Sup. Ct.*, 42 Cal. App. 4th 1556, 1564-65 (1996). Negligence liability will be imposed upon the employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996); *see also Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006).

Here, the Court concludes that Palmer has failed to allege any facts with respect to Sheriff Ahern's negligence in hiring, training, or supervising Bailey. There is not a single factual allegation in the complaint regarding Ahern's hiring practices or criteria, much less specific facts regarding Bailey posing a "particular risk or hazard" to the provision of care at Santa Rita Jail. *See Doe*, 50 Cal. App. 4th at 1054. Nor does Palmer make any factual allegations that Ahern knew or should have known that Bailey was incompetent, careless, or otherwise likely to cause injury to individuals such as himself. Instead, Palmer alleges generalized statements that Bailey was unfit to work as a deputy, Sheriff Ahern knew this, and he suffered harm as a result of Sheriff Ahern's negligent hiring and supervision of Bailey. However, "generalized statements concerning [Sheriff Ahern's] liability" will not suffice. *See Wishum v. Brown*, 2015 WL 1408095, at *3 (N.D. Cal. Mar. 27, 2015); *Resendiz v. Cty. of Monterey*, 2015 WL 4040439, at *6 (N.D. Cal. July 1, 2015) (applying *Iqbal/Twombly* standard to state law claims for negligent hiring, supervision and retention). While the Court "accept [s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek*, 519 F.3d at 1031, the Court is not required to " 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations,'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

In opposition, Palmer contends Sheriff Ahern had a "special relationship" with him because he was an inmate at Santa Rita Jail, which Sheriff Ahern operates. Opp'n at 3-4. While this could be true, it does not make up for the absence of any factual allegations showing that Sheriff Ahern is liable for negligent supervision or hiring. Palmer is still obligated to meet Rule 8's pleading standards. Palmer need not "prove the case on the pleadings," but he must allege "more than conclusions" and a "lack of access to evidence" cannot save implausible claims. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678-79).

Accordingly, the Court **GRANTS** Moving Defendants' motion to dismiss Palmer's negligent hiring, supervision and retention claim **WITH LEAVE TO AMEND**.

### D. Declaratory and Injunctive Relief

Finally, Moving Defendants argue Palmer fails to allege facts plausibly establishing his entitlement to declaratory or injunctive relief. Mot. at 9. They argue he lacks standing because, as alleged, he was released from Santa Rita Jail and currently resides in Oakland. *Id.* (citing First. Am. Comp. ¶ 1). They further argue there are no facts that plausibly establish the likelihood of future harm. *Id.* Palmer responds that he "is dismissing his claim for declaratory and injunctive relief." Opp'n at 6. Accordingly, the Court **GRANTS** Moving Defendants' motion to dismiss Palmer's claims for declaratory and injunctive relief **WITHOUT LEAVE TO AMEND**.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Moving Defendants' motion to dismiss as follows:

1) Palmer's 42 U.S.C. § 1983 claim is **DISMISSED WITHOUT LEAVE TO AMEND** as to Alameda County and **DISMISSED WITH LEAVE TO AMEND** as to Sheriff Ahern.

2) Palmer's claim for negligence is **DISMISSED WITHOUT LEAVE TO AMEND** as to Alameda County and **DISMISSED WITH LEAVE TO AMEND** as to Sheriff Ahern.

3) Palmer's claim for negligent hiring, supervision and retention is **DISMISSED WITH LEAVE TO AMEND**.

4) Palmer's claim for declaratory and injunctive relief is **DISMISSED WITHOUT LEAVE TO AMEND**.

If Palmer chooses to file an amended complaint, he must do so by November 21, 2019. The Court shall conduct a Case Management Conference on December 19, 2019 at 10:00 a.m. in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by <u>lead</u> trial counsel. Parties who are not represented by counsel must appear personally. By December 12, 2019, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms. If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated: October 31, 2019

THOMAS S. HIXSON
United States Magistrate Judge