UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY, et al.,<br><br>    Defendants. | Case No. 19-cv-03673-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 24 |

## I.   INTRODUCTION

In this civil rights case brought under 42 U.S.C. § 1983, Plaintiff Marty Palmer alleges the County of Alameda and its employees were deliberately indifferent to his medical condition while incarcerated at Santa Rita Jail. The Court previously dismissed Palmer's first amended complaint with leave to amend, and the County and Sheriff Gregory Ahern (the "Moving Defendants"), now move for dismissal of his second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 24. Palmer filed an Opposition (ECF No. 26) and Moving Defendants filed a Reply (ECF No. 28). The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 9, 2020 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Moving Defendants' motion for the following reasons.

## II.   BACKGROUND

Between August 7 and August 28, 2017, Palmer was incarcerated at the Santa Rita Jail, which is owned and operated by the County of Alameda. Sec. Am. Compl. ¶ 9, ECF No. 22. Palmer suffers from renal failure and was receiving dialysis treatments three days a week from September 14, 2015, including his time at Santa Rita. *Id.* ¶ 10. While Palmer was incarcerated,

Defendant Joseph Robert Bailey, who was employed as an Alameda County Sheriff's Deputy, and other Doe Defendant Sheriff's deputies ordered Palmer to be housed on a top bunk bed. *Id.* ¶ 11. Out of fear that he could fall and injure himself as result of weakness from his dialysis treatments, Palmer notified the Sheriff's deputies of his medical condition, had them check his medical file and filed numerous inmate grievances to be assigned to a lower bunk. *Id.* ¶ 12. The deputies denied Palmer's repeated requests. *Id.* ¶ 13.

On approximately August 15, 2019, Palmer accepted another inmate's offer to give his lower bunk to him. *Id.* ¶ 14. Two days later, Bailey and other Sheriff's deputies observed Palmer using a lower bunk, became angry and immediately moved him to another jail pod and assigned him to another upper bunk. *Id.* ¶ 15. On August 28, 2017, while sitting on his newly-assigned top bunk, Palmer fell and landed on his face, neck and shoulder areas, suffering severe injuries. *Id.* ¶ 16.

On February 20, 2018, Palmer filed a government claim against Alameda County pursuant to California Government Code section 910, et seq. *Id.* ¶ 17. The County rejected his claim on January 3, 2019. *Id.*

Palmer filed this lawsuit on June 24, 2019 and filed his amended complaint on August 18, 2019 against Moving Defendants, Bailey, and Does 1-25, alleging: (1) a claim for violation of his Fourteenth Amendment rights against all Defendants under 42 U.S.C. § 1983; (2) a negligence claim against all Defendants; and (3) a negligent hiring, supervision, and retention claim against Sheriff Ahern. ECF No. 9. He sought compensatory and punitive damages and declaratory and injunctive relief. On September 27, 2019, Moving Defendants moved for dismissal, arguing Palmer failed to state a plausible *Monell* claim against the County, the federal and state law claims against Sheriff Ahern were not plausibly pleaded, the County is statutorily immune from any state law claim, and the declaratory relief claim was not supported by the facts alleged. ECF No. 16.

On October 31, 2019, the Court granted Moving Defendants' motion. ECF No. 21. It dismissed Palmer's 42 U.S.C. § 1983 and negligence claims without leave to amend as to Alameda County and with leave to amend as to Sheriff Ahern. The Court also dismissed Palmer's claim for negligent hiring, supervision and retention with leave to amend and dismissed his claim

2

for declaratory and injunctive relief without leave to amend.

Palmer filed his second amended complaint on November 4, 2019, alleging: (1) a claim for violation of his Fourteenth Amendment rights against Bailey and Sheriff Ahern under 42 U.S.C. § 1983; (2) a negligence claim against Bailey; and (3) a negligent hiring, supervision, and retention claim against the County and Sheriff Ahern. Sec. Am. Compl. ¶¶ 18-47.

On November 14, 2019, Moving Defendants filed the present motion to dismiss, arguing Palmer fails to allege supporting facts establishing a plausible § 1983 claim against Sheriff Ahern individually and fails to allege facts establishing a cognizable or plausible negligent hiring claim against the County and Sheriff Ahern.

### III. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted); Fed. R. Civ. P. 8(a)(2) (A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Fourteenth Amendment Claim

In his 42 U.S.C. § 1983 claim, Palmer alleges Bailey had notice of his medical condition, rejected his repeated requests to place him in a lower bunk, and as a result conduct, he suffered severe injuries when he fell from an upper bunk. Sec. Am. Compl. ¶¶ 19-23. Palmer alleges Bailey "exhibited deliberate indifference to Plaintiff's constitutional rights in that the Defendant had notice of the Plaintiff's medical need for a lower bunk, and despite this notice placed the Plaintiff in a[n] upper bunk, knowing of the risks of danger those conditions posed, and failed to take any corrective action to remedy those conditions." *Id.* ¶ 24.

As to Sheriff Ahern, Palmer alleges he: "failed to train, supervise and or control Defendant Bailey"; his "policy regarding the training and supervision of his subordinate staff was so deficient that the policy itself was a repudiation of the Plaintiff's constitutional rights and was therefore the moving force of the constitutional violation"; "was required to take charge of and be the sole and exclusive authority of the Alameda County jail and the Plaintiff's health and safety while he was incarcerated in the Alameda County jail" pursuant to California Government Code section 26605; "knew or reasonably should have known that the Plaintiff was being forced by Defendant Bailey to use a top bunk despite the fact that he had a serious medical condition that required him to use a lower bunk"; and "acquiesced to this conduct by Defendant Bailey by not properly controlling, and or supervising Defendant Bailey's conduct." *Id.* ¶¶ 28-32. As a result, Palmer alleges Sheriff Ahern's conduct was a "moving force" behind the constitutional violation and that his "knowledge of the unconstitutional condition that the Plaintiff was being forced to suffer, including his knowledge of Defendant Bailey's actions of forcing the Plaintiff to remain on a top bunk, coupled

4

with Sheriff Ahern's inaction, amounted to acquiescence in the unconstitutional conduct of Defendant Bailey." *Id.* ¶ 33.

Moving Defendants argue Palmer fails to plead any facts plausibly establishing that Sheriff Ahern personally engaged in or participated in culpable action or inaction in the training, supervising or controlling of Bailey. Mot. at 4. They further argue he fails to plead any facts plausibly establishing that he acquiesced in Bailey's conduct or that his own conduct shows a reckless or callous indifference to Palmer's rights. *Id.*

Under *Monell v. Department of Social Services of the City of New York*, § 1983 liability exists where an "official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). More specifically, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To state a *Monell* claim, a plaintiff must establish that: (1) "they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to their constitutional rights; and (3) that these policies are the 'moving force behind the constitutional violation[s].'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (quotations omitted).; *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (outlining these factors).

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)). Additionally, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of

5

the constitutional violation." *Redman v. Cty. San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

Here, Palmer alleges Sheriff Ahern either knew or reasonably should have known that he was being forced by Bailey to use a top bunk even though he had a serious medical condition that required him to use a lower bunk. Claims of failure to provide care for serious medical needs, when brought by a plaintiff that has not been convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment.[1] *Lolli v. Cty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (citing *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause."). "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[T]o establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her liberty and conscience-shocking behavior by the government." *Id.* "Just as the deliberate indifference of prison officials to the medical needs of prisoners may support Eighth Amendment liability, such indifference may also rise to the conscience-shocking level required for a substantive due process violation." *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

In California, a sheriff is required by statute to "take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it." Cal. Gov. Code § 26605; *Redman,* 942 F.2d at 1446. In *Redman*, the Ninth Circuit held that a county sheriff in California could be found to have been deliberately indifferent where the sheriff "knew or reasonably should have known of the overcrowding at a facility under his administration and . . . he acquiesced in a deficient policy that was a moving force" behind the prisoner's alleged constitutional violation.

---

[1] Although Palmer's complaint is silent as to whether he was convicted of a crime, the Court notes he brings his claim under the Fourteenth Amendment and not the Eighth Amendment. The Court therefore assumes for purposes of this motion that he was not convicted at the time of his injury.

6

942 F.2d at 1447-48. Similarly, in *Starr*, the Ninth Circuit held that a sheriff's "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction, amounted to acquiescence in the unconstitutional conduct of his subordinates." *Starr*, 652 F.3d at 1208. Here, Palmer alleges Sheriff Ahern knew or reasonably should have known that Bailey forced him to use a top bunk despite a serious medical condition that required him to use a lower bunk, and he acquiesced to this conduct through his inaction and not properly supervising Bailey's conduct. Based on these allegations, the Court finds Palmer states a valid claim against Sheriff Ahern under § 1983. *See id.* (a plaintiff can state a valid claim for supervisor liability if he sufficiently alleges "knowledge of the unconstitutional conditions in the jail" and "inaction" that "amounted to acquiescence in the unconstitutional conduct.").

Accordingly, the Court **DENIES** Moving Defendants' motion as to Palmer's § 1983 claim.

### B. Negligent Hiring, Supervision and Retention Claim

In his third claim, Palmer alleges Sheriff Ahern is liable for the negligent hiring, supervision and retention of Bailey. Sec. Am. Compl. ¶ 39. He alleges that when Sheriff Ahern hired Bailey as a deputy, he "engaged in deficient hiring and screening practices to ensure that Defendant Joseph Bailey who is a violent and abusive individual, would not be retained as an Alameda County Sheriff's Deputy, which posed a significant risk of harm to the Plaintiff," that he "knew or should have known that Defendant Joseph Bailey was incompetent, violent, sadistic and abusive and likely to cause serious injuries to individuals such as the Plaintiff, which posed a significant risk of harm to the Plaintiff, and that this harm did in fact materialize." *Id.* ¶¶ 40-42. He further alleges Sheriff Ahern "failed to properly train and supervise Defendant Bailey, which led to Defendant Bailey engaging in abusive acts towards the Plaintiff causing his injuries" and that "Sheriff Ahern's negligence in hiring, supervising and retaining Defendant Joseph Bailey was a substantial factor in causing the Plaintiff's harm." *Id.* ¶¶ 43-44. As a result, Palmer alleges Sheriff Ahern "is liable for all injuries caused by his negligent hiring, supervision and retaining of Joseph Bailey to the same extent as a private person pursuant to California Government Code Section 820(a)." *Id.* ¶ 45. Finally, he alleges Sheriff Ahern "as a public employee is not

7

exonerated or immune from liability for negligent hiring, supervision and retention pursuant to California Government Code Section 820.8." *Id.* ¶ 46.

Palmer also alleges Alameda County is liable for negligent hiring, supervision and retention pursuant to California Government Code section 815.2 because Sheriff Ahern "was acting as an employee of Alameda County at the time of the incident, and because he was acting within the scope and course of his employment and under the direct control and supervision of Alameda County at the time of the incidents in question[.]" *Id.* ¶ 47.

Moving Defendants argue Palmer's third claim fails for the same reasons as his § 1983 claim, namely that he "fails to plead supporting factual allegations establishing a plausible claim that Sheriff Ahern acted negligently; or that such negligent conduct (whatever it was) caused Plaintiff's alleged injuries." Mot. at 6. As to Alameda County, Moving Defendants argue it is statutorily immune from Palmer's claim. *Id.* at 7.

"An employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit. *Roman Catholic Bishop v. Sup. Ct.*, 42 Cal. App. 4th 1556, 1564-65 (1996). Negligence liability will be imposed upon the employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996); *see also Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006). Here, Palmer alleges that Sheriff Ahern engaged in deficient hiring and screening practices to ensure that Bailey, who he alleges is a violent and abusive individual, would not be retained as a Sheriff's Deputy, that he knew or should have known Bailey was "incompetent, violent, sadistic and abusive and likely to cause serious injuries" to prisoners, and that as a result of Sheriff Ahern's failure to properly train and supervise him, Bailey engaged in abusive acts towards Palmer that caused his injuries. Based on these allegations, the Court finds Palmer states a valid claim for negligent hiring, supervision, and retention against Sheriff Ahern. *See Doe*, 50 Cal. App. 4th at 1054 ("[T]he cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act in that way."). Accordingly, Moving Defendants' motion is **DENIED** as to Sheriff Ahern.

As to the County, Palmer does not address Moving Defendants' argument that it is immune. Regardless, California Government Code section 844.6 states in relevant part that "[e]xcept as provided in California Government Code § 845.6, a public entity cannot be liable for an injury to a prisoner." Thus, "[a]lthough a public entity may be vicariously liable for the acts and omissions of its employees (Gov. Code, § 815.2), that rule does not apply in the case of injuries to prisoners." *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1383 (2010) (discussing interplay of immunities in claims brought pursuant to sections 815.2, 844.6 and 845.6); *see also Neuroth v. Mendocino Cty.*, 2016 WL 379806, at *5 (N.D. Cal. Jan. 29, 2016) (dismissing state law claims against county without leave to amend, finding it immune under section 844.6).[2] Thus, the Court **GRANTS** Moving Defendants' motion as to the County and **DISMISSES** Palmer's claim **WITHOUT LEAVE TO AMEND**.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Moving Defendants' motion to dismiss as to Palmer's claim against the County of Alameda for negligent hiring, supervision, and retention: The Court **DENIES** Moving Defendants' motion as to all other claims. All Defendants shall file their answers to Palmer's Second Amended Complaint within 14 days of this Order. The Court shall conduct a Case Management Conference on January 30, 2020 at 10:00 a.m. in Courtroom A, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by <u>lead</u> trial counsel. By January 23, 2020, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders.  The Joint Case

---

[2] The Court notes that section 845.6 provides that a public entity may still be liable if an employee knew the prisoner needed *immediate* medical care and failed to take reasonable action to summon such medical care. Cal. Gov't Code § 845.6. However, liability is limited to the failure to summon care for "serious and obvious medical conditions requiring immediate care" of which the defendant has "actual or constructive knowledge." *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993). Palmer makes no allegation that he needed immediate care or that any County employee failed to summon care for an immediate medical need. Thus, given the limited nature of this exception, the Court finds section 845.6 does not apply here.

9

Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.  If the statement is e-filed, no chambers copy is required.

**IT IS SO ORDERED.**

Dated: December 20, 2019

THOMAS S. HIXSON
United States Magistrate Judge