UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY PALMER,<br>          Plaintiff,<br>v.<br>ALAMEDA COUNTY, et al.,<br>          Defendants. | Case No. 19-cv-03673-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 29 |

The Court has before it a joint discovery letter brief at ECF No. 29. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter may be resolved without oral argument and therefore **VACATES** the January 13, 2020 telephonic hearing.

In responding to Defendant Joseph Bailey's interrogatories, Plaintiff Marty Palmer is obligated to provide all relevant information known to him or reasonably available to him. If he does not know or cannot recall something, he should say that. But his current responses to the interrogatories at issue here are for the most part deficient. His response to interrogatory 3 identifies only the employer of the person who provided the healthcare, but none of the other requested identifying information. His response does not say anything about when the determination was made. His letter brief, but not his discovery response, says he does not know "exactly" when it was made. That's not good enough because his discovery response can provide a best estimate. And his response is also defective because it provides no description of any documents evidencing the determination (nor does it say there aren't any). In his letter brief Palmer says he does not possess the chrono at issue, but the interrogatory asks him to describe it, not produce it. Also, information responsive to an interrogatory, or a representation that Palmer doesn't know the requested information, has to be in the discovery response. It's not sufficient to

put it in a letter brief.

Likewise, his response to interrogatory 4 is deficient. Palmer must provide the requested information to the best of his ability. If he does not know exact dates or numbers, he can provide best estimates and then state that's all he's able to recall.

Interrogatory 9[1] asks Palmer to state the facts in support of his contention that Section 845.6 does not immunize Bailey from Palmer's negligence claim. His response is that "Plaintiff contends that this Section will not provide immunity for the Defendant." That response is defective because the question is: *why not?*

Palmer's response to interrogatory 10 is better but still not complete. He needs to describe in more detail the damage to his neck and shoulder; "severe damage" is too vague. And he needs to provide more detail about how each injury progressed, including whether it has healed.

Palmer says he does not remember most of the information sought by interrogatory 11. The Court has no basis to say that isn't true. And Palmer doesn't have to go procure information he doesn't have.

Palmer's response to interrogatory 15 is mostly evasive. As to subpart (a), he can estimate dates and times to the best of his ability. As to subpart (b), when he answers subpart (a), he can give his best recollection of the form of the communication. He's answered subpart (c). As for subpart (d), he must provide any identifying information he can recall.

Accordingly, the Court **ORDERS** Palmer to serve revised responses to interrogatories 3, 4, 9, 10 and 15 within 30 days.

**IT IS SO ORDERED.**

Dated: 1/10/2020

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The letter brief refers to interrogatory 8, but it's really interrogatory 9.

2